People v Morales (2026 NY Slip Op 01412)

People v Morales

2026 NY Slip Op 01412

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Ind No. 2029/21 72246/22 70750/23| |Appeal No. 6071-6072-6073|Case No. 2023-02786 2023-02728 2023-02784|

[*1]The People of the State of New York, Respondent,
vLeuris Morales, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew H. Chung of counsel), for respondent.

Judgments, Supreme Court, New York County (Ann Scherzer, J.), rendered May 19, 2023, convicting defendant, upon his pleas of guilty, of criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree under indictment No. 2029/21, criminal sale of a controlled substance in the third degree under indictment No. 72246/22, and criminal sale of a controlled substance in the third degree under indictment No. 70750/23, and sentencing him to concurrent jail terms of 6 months and 5 years of probation on indictment Nos. 72246/22 and 2029/21, and 3 months and 5 years of probation on indictment No. 70750/23, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay surcharges and fees under each indictment, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]), which forecloses review of his excessive sentence claim (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). As an alternative holding, we perceive no basis for reducing his sentence.
"[D]efendant's challenge to the condition of probation requiring that he pay the mandatory surcharge and court fees survives his waiver of the right to appeal" (People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). We strike the condition of defendant's probation requiring that he pay the mandatory surcharges and court fees as it is not reasonably related to defendant's rehabilitation, nor necessary to ensure that he will lead a law-abiding life (id. at 620). We note the People do not oppose this relief. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026